IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nigel Thomas Colon, | ) | C/A No. 3:24-3311-JDA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Walmart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Nigel Thomas Colon, a self-represented litigant, filed this discrimination case against his employer pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss for Plaintiff's failure to participate in discovery and failure to comply with an order of the court. (ECF No. 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 35.) Plaintiff did not respond. Having reviewed the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

## BACKGROUND

Plaintiff initiated this action against the defendant in May 2024, and the defendant removed the case from the Richland County Magistrate Court. The court issued a scheduling order initially setting a deadline of October 25, 2024, by which the parties were to complete discovery. (ECF No. 12.) The discovery deadline was ultimately extended to April 23, 2025. (ECF No. 29.)

On November 15, 2024, the defendant filed a motion to compel discovery. (ECF No. 25.) As detailed in its motion, the defendant served interrogatories and requests for production on Plaintiff on September 25, 2024. When the defendant had not received any responses by the end of October, counsel for the defendant mailed Plaintiff a letter reattaching the discovery requests and requesting that Plaintiff respond to the discovery requests or contact him to discuss an extension of time. Counsel for defendant received no response in any form from Plaintiff. Accordingly, the defendant filed a motion to compel discovery from Plaintiff. Plaintiff did not file any opposition to the defendant's motion to compel.

The court granted the defendant's motion to compel without opposition filed on March 11, 2025, and directed Plaintiff to respond to the defendant's discovery requests by March 25, 2025. (ECF No. 31.) The court also warned Plaintiff that failure to comply may result in sanctions, including dismissal of his Complaint. Plaintiff still failed to provide responses as directed by the court's March 11 order.

On April 1, 2025, the defendant filed a motion seeking dismissal under Rule 37 for Plaintiff's failure to participate in discovery and under Rule 41 for Plaintiff's failure to comply with an order of the court. (ECF No. 34.) Despite the specific warning and instructions set forth in the court's Roseboro order, Plaintiff failed to respond to the defendant's motion to dismiss.

## DISCUSSION

A.   **Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A).

Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

## B.     Defendant's Motion to Dismiss

The defendant seeks dismissal of this action due to Plaintiff's noncompliance with the discovery process and failure to comply with an order of the court. (ECF No. 34.)

As an initial matter, although the pleadings of *pro se* litigants are entitled to some deference from courts, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972), *pro se* litigants are nonetheless

subject to the same requirements and respect for court orders as other litigants. See Ballard, 882 F.2d at 96. Considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court concludes that Plaintiff has exhibited bad faith by failing to comply with an order of the court requiring him to fully respond to the defendant's discovery requests. The prejudice caused to the defendant by Plaintiff's noncompliance is two-fold: not only did the defendant incur expenses and expend significant time in its attempt to procure discovery from Plaintiff, but the defendant's inability to obtain discovery from Plaintiff has hindered the defendant's ability to defend itself against the allegations brought by Plaintiff in his Complaint. Additionally, Plaintiff's conduct in refusing to comply with the court's order demonstrates a pattern of proceeding in a dilatory manner as well as a failure to prosecute his own action. Moreover, an award of monetary sanctions would likely have little deterrent effect. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (finding that monetary sanctions were not a viable alternative to dismissal because the plaintiff was proceeding *pro se* and *in forma pauperis*). Accordingly, there is no indication that sanctions less drastic than dismissal would be effective in this case.

## RECOMMENDATION

Plaintiff has had multiple opportunities to provide complete responses to the defendant's discovery requests. One of these was pursuant to specific court order. Eight months after serving its initial requests, the defendant still does not have any response whatsoever to its discovery requests. Accordingly, the court recommends that the defendant's motion to dismiss be granted. (ECF No. 34.)

May 13, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).